# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| STEPHEN IFEANYI AMOBI<br>10406 Thorny Brook Court<br>Upper Marlboro, MD 20772<br><br>and<br><br>NGOZI AMOBI<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br>1923 Vermont Avenue, NW<br>Washington, D.C. 20001<br><br>and<br><br>DEVON BROWN<br>Director of District of Columbia<br>Department of Corrections<br>1923 Vermont Avenue, NW<br>Washington, D.C. 20001<br><br>and<br><br>STANLEY WALDREN<br>Warden, Central Detention Facility<br>District of Columbia Jail<br>1901 D Street, SE<br>Washington, D.C. 20003<br><br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIV. ACTION NO.: _____

JUDGE:

Case: 1:08-cv-01501
Assigned To : Kennedy, Henry H.
Assign. Date : 8/28/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

ROBERT CLAY                              )
Former Interim Warden                    )
Central Detention Facility               )
District of Columbia                     )
Department of Corrections                )
1923 Vermont Avenue, NW                  )
Washington, D.C. 20001                   )
                                         )
    and              )
                                         )
ELBERT WHITE                             )
Institutional Major                      )
District of Columbia Jail                )
1901 D Street, SE                        )
Washington, D.C. 20003                   )
                                         )
    and              )
                                         )
JOAN MURPHY                              )
Special Projects Officer                 )
District of Columbia                     )
Department of Corrections                )
1923 Vermont Avenue, NW                  )
Washington, D.C. 20001                   )
                                         )
    and              )
                                         )
DENISE SHELL aka TONI SHELL              )
Management Liaison Specialist            )
District of Columbia                     )
Department of Corrections                )
1923 Vermont Avenue, NW                  )
Washington, D.C. 20001                   )
                                         )
    Defendants.       )
                                         )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant District of Columbia, by and through

their counsel, respectfully removes the case *Stephen Ifeanyi Amobi, et al., v. District of*

*Columbia,* 2008 CA 004126 B, from the Superior Court of the District of Columbia to this Court. Plaintiff's claims present federal questions appropriate for review by this Court.

The Grounds for removal are as follows:

1.    Plaintiffs Stephen and Ngozi Amobi have filed an action against the defendants in Superior Court for the District of Columbia, Civil Division, Case No. 2008 CA 004126 B, alleging, among other things, that the defendants violated Mr. Amobi's civil rights under 42 U.S.C. § 1983 when they falsely arrested for assaulting an inmate while on duty at D.C. Jail. Specifically, plaintiffs allege that the under color of law, the defendants deprived Mr. Amobi of his liberty without due process, engaged in a malicious prosecution without probable cause, and corruptly endeavored to obstruct Mr. Amobi in his enjoyment of the law protecting his right to public employment.    The further allege that the defendants conspired to interfere with Mr. Amobi's civil rights, under 42 U.S.C. 1985(2).

2.    This action is removable to this Court because of the existence of a federal question raised by plaintiff's Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). In paragraphs 20 through 229, the Complaint raises a federal questions by asserting a federal statutory claim under 42 U.S.C. § 1983 and 42 U.S.C. 1985(2).

3.    Pursuant to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court.    The District received a copy of the Summons and Complaint on or about July 29, 2008.

4.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders

received by undersigned counsel in this matter are attached hereto and incorporated by reference

herein.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Zuberi B. Williams
ZUBERI BAKARI WILLIAMS [980789]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 Floor South
Washington, D.C. 20001
Office: (202) 724-6650; (202) 727-6295
Facsimile: (202) 730-0623
Email: Zuberi.Williams@dc.gov

## CERTIFICATE OF SERVICE

I, hereby certify that on this 28th day of August, 2008, I caused a copy of the foregoing

NOTIFICATION OF FILING OF NOTICE OF REMOVAL was served via first class mail, upon

the following:

J. Miachael Hannon, Esq.
1901 18th Street, NW
Washington, DC 2009

*Attorney for Plaintiffs*

/s/ Zuberi B. Williams
ZUBERI BAKARI WILLIAMS
Assistant Attorney General, D.C

4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al.

                        Plaintiff(s)

                    v.

District of Columbia, et al.

                       Defendant(s)

)
)
)
)
)
) Case No.: 2008 CA 004126 B
)
)
)
)
)
)
)

(filed stamp) FILED CIVIL ACTIONS JUL 31 2008 SUPERIOR COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, DC

### AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, Ambiko Guice, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed in the above entitled case, I am over the age of eighteen years and I am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED:  Initial Order and Addendum; Summons and Complaint

SERVE TO:  District of Columbia Department of Corrections c/o Devon Brown
SERVICE ADDRESS: 1923 Vermont Avenue, NW, Washington, DC 20001

DATE SERVED: July 31, 2008  TIME SERVED:  10:25 AM

PERSON SERVED:  Michelle Baker, Office Assistant, authorized to accept.

Described herein:
Gender: Female     Race/Skin: Black     Hair: Black     Age: 36     Height: 5'5"     Weight: 125

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Ambiko Guice
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this ___1st___ day of ___August___, 2008.

Angela H. Creson
Notary Public          My Commission Expires: 03-31-09

08 1501

ID: 08-005856                                    Client Reference: N/A

Case: 2008 CA 004126 B
0003247/0694
DKT: C10RSSC



**FILED**

AUG 2 8 2008

Clerk, U.S. District and Bankruptcy Courts

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al. )
)
)
**Plaintiff(s)** )
) Case No.: 2008 CA 004126 B
v. )
)
District of Columbia, et al. )
)
)
**Defendant(s)** )
)

FILED
CIVIL ACTIONS BRANCH
JUL 3 1 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, Wesley Jennings, a Private Process Server, being duly sworn, depose and say. I have been duly authorized to make service of the documents listed in the above entitled case. I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED: Initial Order and Addendum; Summons and Complaint

SERVE TO: District of Columbia c/o Mayor Adrian M. Fenty
SERVICE ADDRESS: Office of the Secretary for the Mayor of the District of Columbia, John A. Wilson Building, 1350 Pennsylvania Avenue, NW, Suite 419, Washington, DC 20004

DATE SERVED: July 29, 2008   TIME SERVED: 2:05 PM

PERSON SERVED: Tabitha Braxton, Staff Assistant, authorized to accept.

Described herein:
Gender: Female    Race/Skin: Black    Hair: Black    Age: 42    Height: 5'7"    Weight: 140

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Wesley Jennings
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this 30th day of July, 2008.

Angela H Wasch
Notary Public

My Commission Expires: 03-31-09

ID: 08-005853

Client Reference: N/A



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al.

              **Plaintiff(s)**

              v.

District of Columbia, et al.

              **Defendant(s)**

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2008 CA 004126 B

> **FILED**
> **CIVIL ACTIONS BRANCH**
> **JUL 3 1 2008**
> SUPERIOR COURT
> OF THE DISTRICT OF COLUMBIA
> WASHINGTON, DC

### AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, Wesley Jennings, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed in the above entitled case, I am over the age of eighteen years and I am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED: Initial Order and Addendum; Summons and Complaint

SERVE TO: District of Columbia c/o Office of the Attorney General for the District of Columbia
SERVICE ADDRESS: 441 4th Street, NW, 6th Floor, Washington, DC 20001

DATE SERVED: July 29, 2008  TIME SERVED: 1:35 PM

PERSON SERVED: Kimberly Johnson, Chief GL-1, authorized to accept.

Described herein:
Gender: Female    Race/Skin: Black    Hair: Black    Age: 36    Height: 5'6"    Weight: 185

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

_____
Wesley Jennings
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this ___30th___ day of ___July___ , 2008.

_____
Notary Public
My Commission Expires: 03-31-09

ID: 08-005855

Reference: N/A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al. )
)
)
)
                    **Plaintiff(s)** )
) Case No.: 2008 CA 004126 B
          v. )
)
District of Columbia, et al. )
)
)
)
                    **Defendant(s)** )

FILED
CIVIL ACTIONS BRANCH
AUG 0 5 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## AFFIDAVIT OF SERVICE

I, Melvin M. Shapiro, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED:  Initial Order and Addendum; Summons and Complaint

SERVE TO:  Stanley Waldren, Warden c/o Central Detention Facility
SERVICE ADDRESS:  District of Columbia Jail, 1901 D Street, SE, Washington, DC 20003

DATE SERVED:  August 01, 2008   TIME SERVED:  9:50 AM

PERSON SERVED:  Lieutenant Bushee, Litigation Coordinator, authorized to accept.

Described herein:
Gender: Male   Race/Skin: White   Hair: Black   Age: 47   Height: 5'11"   Weight: 220

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Melvin M. Shapiro
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this __5th__ day of __August__, 2008.

__Angela H. Coxon__
Notary Public                     My Commission Expires: 03·31·09

ID: 08-005859                                                     ent Reference: N/A

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al.      )
     )     KC
     )
     **Plaintiff(s)**      )
     )    Case No.: 2008 CA 004126 B
     **v.**      )
District of Columbia, et al.      )
     )
     )
     **Defendant(s)**      )

> **FILED**
> CIVIL ACTIONS BRANCH
> AUG 0 5 2008
> SUPERIOR COURT
> OF THE DISTRICT OF COLUMBIA
> WASHINGTON, DC

### AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, Ambiko Guice, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed herein in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED: Initial Order and Addendum; Summons and Complaint

SERVE TO: Joan Murphy
SERVICE ADDRESS: District of Columbia Department of Corrections, 1923 Vermont Avenue, NW, Washington, DC 20001

DATE SERVED: July 31, 2008  TIME SERVED: 10:20 AM

PERSON SERVED: Joan Murphy, personally

Described herein:
Gender: Female   Race/Skin: Black   Hair: Brown   Age: 62   Height: 5'4"   Weight: 155

COMMENTS:

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Ambiko Guice
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this __4th__ day of __August__, 2008.

Angelia H. Carson
Notary Public      My Commission Expires: 03-31-09

ID: 08-005862          Client Reference: N/A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL DIVISION

Stephen Ifeanyi Amobi, et al.

           **Plaintiff(s)**

               v.

District of Columbia, et al.

           **Defendant(s)**

)
)
)
)    KC
)
) Case No.: 2008 CA 004126 B
)
)
)
)
)
)

FILED
CIVIL ACTIONS BRANCH
AUG 1 3 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### AFFIDAVIT OF SERVICE

I, Melvin M. Shapiro, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed herein in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

DOCUMENT(S) SERVED:  Initial Order and Addendum; Summons and Complaint

SERVE TO:  Denise Shell aka Toni Shell, Management Liason Specialist
SERVICE ADDRESS:  District of Columbia Department of Corrections, 1923 Vermont Avenue, NW, Washington, DC 20001

DATE SERVED: August 11, 2008  TIME SERVED:  12:50 PM

PERSON SERVED:  Denise Shell aka Toni Shell, personally

Described herein:
Gender: Female    Race/Skin: Black    Hair: Black/Grey    Age: 55    Height: 5'7"    Weight: 150

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

_____
Melvin M. Shapiro
CAPITOL PROCESS SERVICES, INC.
1827 18th Street, NW
Washington, DC 20009-5526
(202) 667-0050

Subscribed and sworn to before me, a notary public, on this _13th_ day of _August_, 2008.

_____
Notary Public

My Commission Expires: _03-31-09_

ID: 08-005863

Client Reference: N/A

eFiling for Courts - Electronic Service of Copies

Proof of Service

Jurisdiction: Civil Actions
Cause Number: 2008 CA 004126 B
Trace Number: OD301J020025104
Court Assignment: D.C. Superior Court
Style/Case Name: Amobi v. District of Columbia
Date and Time of Service: 08/11/2008 01:03:30 PM
Serving Party Name: Ronna Beck
Documents:
Amobi v. DC, 08 CA 4126 (8-11-08).pdf

| Parties of Record | Delivery Type |
|---|---|
| Ronna Beck | Electronic |
| Filer Services | |
| J. Michael Hannon | Electronic |
| CaseFile Xpress | |

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

STEPHEN IFEANYI AMOBI, et al.        :
                                     :
            Plaintiffs,              :        Civil Action No. 2008 CA 004126 B
                                     :
      v.                             :        JUDGE RONNA LEE BECK
                                     :
DISTRICT OF COLUMBIA, et al.,        :        CALENDAR 8
                                     :
            Defendants.              :

## ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE

Before the court is Plaintiffs' timely Motion to Extend Time for Service. There are numerous defendants in this case, and while Plaintiffs have effected service upon some of them, they have been unable to serve others. Plaintiffs request a 45-day extension within which to serve the remaining defendants. It is this 7th day of August, 2008, hereby

**ORDERED** that the motion is **GRANTED**;

**FURTHER ORDERED** that Plaintiffs shall have until **September 26, 2008**, to file an affidavit establishing service of process upon the defendants not yet served;

**FURTHER ORDERED** that the clerk's office shall re-issue summons upon request;

**FURTHER ORDERED** that a scheduling conference currently scheduled on September 12, 2008, is rescheduled to **October 17, 2008, at 9:30 a.m.** in courtroom 518;

1

**FURTHER ORDERED** that Plaintiffs shall ensure that the defendants have notice of the scheduling conference date.

*Ronna Lee Beck*

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

**Copies electronically served on counsel via eFiling for Courts:**

J. Michael Hannon, Esq.
*Counsel for Plaintiff*

**Copies mailed to:**

DISTRICT OF COLUMBIA,
A Municipal Corporation
Serve: Mayor Adrian M. Fenty
c/o Tabitha Braxton
Office of the Secretary for the
Mayor of the District of Columbia
John A. Wilson Building, Suite 419
1350 Pennsylvania Avenue, NW
Washington, DC 20004

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS,
1923 Vermont Avenue, NW
Washington, DC 20001
Serve: Devon Brown

DEVON BROWN,
Director
District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, DC 20001

2

STANLEY WALDREN,
Warden, Central Detention Facility
District of Columbia Jail
1901 D Street, SE
Washington, DC 20003

ROBERT CLAY,
Former Interim Warden
Central Detention Facility
District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, DC 20001

ELBERT WHITE
Institutional Major
District of Columbia
District of Columbia Jail
1901 D Street, SE
Washington, DC 20003

JOAN MURPHY
Special Projects Officer
District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, DC 20001

DENISE SHELL aka TONI SHELL
Management Liaison Specialist
District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, DC 20001

3

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Stephen Ifeanyi Amobi & Ngozi Amobi

Case Number: 0004126-08

vs

Date: June 4, 2008

District of Columbia, et al.

| Name: (please print) J. Michael Hannon, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: Hannon Law Group, LLP | [✓] Attorney for Plaintiff |
| Telephone No.: (202) 232-1907    Six digit Unified Bar No.: 352526 | [ ] Self (Pro Se) Other: _____ |

TYPE OF CASE:  [ ] Non-Jury        [ ] 6 Person Jury        [✓] 12 Person Jury
Demand:$ 5 Million Compensatory Damages    Other: $15 Million Punitive Damages

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**
- [ ] 01 Breach of Contract
- [ ] 02 Breach of Warranty
- [ ] 06 Negotiable Instrument
- [ ] 15 _____
- [ ] 07 Personal Property
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance

**COLLECTION CASES**
- [ ] 14 Under $25,000 Pltf. Grants Consent
- [ ] 16 Under $25,000 Consent Denied
- [ ] 17 OVER $25,000

**B. PROPERTY TORTS**
- [ ] 01 Automobile
- [ ] 02 Conversion
- [ ] 07 Shoplifting, D.C. Code § 27-102(a)
- [ ] 03 Destruction of Private Property
- [ ] 04 Property Damage
- [ ] 05 Trespass
- [ ] 06 Traffic Adjudication

**C. PERSONAL TORTS**
- [ ] 01 Abuse of Process
- [ ] 02 Alienation of Affection
- [ ] 03 Assault and Battery
- [ ] 04 Automobile-Personal Injury
- [ ] 05 Deceit (Misrepresentation)
- [ ] 06 False Accusation
- [ ] 07 False Arrest
- [ ] 08 Fraud
- [ ] 09 Harassment
- [ ] 10 Invasion of Privacy
- [ ] 11 Libel and Slander
- [ ] 12 Malicious Interference
- [ ] 13 Malicious Prosecution
- [ ] 14 Malpractice Legal
- [ ] 15 Malpractice Medical (including wrongful death)
- [ ] 16 Negligence-(Not Automobile, Not Malpractice)
- [✓] 17 Personal Injury – (Not Automobile, Not Malpractice)
- [ ] 18 Wrongful Death (Not malpractice)
- [ ] 19 Wrongful Eviction
- [ ] 20 Friendly Suit
- [ ] 21 Asbestos
- [ ] 22 Toxic/Mass Torts
- [ ] 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/April. 07

INFORMATION SHEET,    Continued

| C. OTHERS | | |
|---|---|---|
| I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br> Under $25,000 Pltf.<br> Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br> DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br> (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br> Vacate Arbitration Award<br> (D.C. Co  de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br> Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br> Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br> Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br> Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br> Judgment [D.C. Code §<br> 2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br> 42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br> [Rule 28 -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br> (Perpetuate Testimony) |

_Michael Hannon_
Attorney's Signature

_June 4, 2008_
Date

CV -496/April. 07

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

STEPHEN IFEANYI AMOBI
10406 Thorny Brook Court
Upper Marlboro, MD 20772,

     and

NGOZI AMOBI
10406 Thorny Brook Court
Upper Marlboro, MD 20772,

       Plaintiffs,

     v.

DISTRICT OF COLUMBIA,
A Municipal Corporation
Serve: Mayor Adrian M. Fenty
c/o Tabitha Braxton
Office of the Secretary for the
Mayor of the District of Columbia
John A. Wilson Building
Suite 419
1350 Pennsylvania Avenue, NW
Washington, DC 20004

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS,
1923 Vermont Avenue, NW
Washington, DC 20001
Serve: Devon Brown

DEVON BROWN,
Director
District of Columbia
Department of Corrections
1923 Vermont Avenue, NW
Washington, DC 20001

STANLEY WALDREN,
Warden, Central Detention Facility
District of Columbia Jail
1901 D Street, SE
Washington, DC 20003

FILED
CIVIL ACTIONS BRANCH

JUN 0 4 2008

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Civil Action No. 0004126-08

DISTRICT OF COLUMBIA
SERVE: OFFICE OF THE ATTN GENERAL
FOR THE DISTRICT OF COLUMBIA
DARLENE FIELDS - NADINE WILBURN
441 4TH STREET, NW 6TH FLOOR SOUTH
WASHINGTON, DC 20001

1

ROBERT CLAY,                          :
Former Interim Warden                 :
Central Detention Facility            :
District of Columbia                  :
Department of Corrections             :
1923 Vermont Avenue, NW               :
Washington, DC 20001                  :
                                      :
ELBERT WHITE                          :
Institutional Major                   :
District of Columbia                  :
District of Columbia Jail             :
1901 D Street, SE                     :
Washington, DC 20003                  :
                                      :
JOAN MURPHY                           :
Special Projects Officer              :
District of Columbia                  :
Department of Corrections             :
1923 Vermont Avenue, NW               :
Washington, DC 20001                  :
                                      :
DENISE SHELL aka TONI SHELL           :
Management Liaison Specialist         :
District of Columbia                  :
Department of Corrections             :
1923 Vermont Avenue, NW               :
Washington, DC 20001                  :
                                      :
              Defendants.             :

## COMPLAINT

Comes now Plaintiffs Stephen I. Amobi ("Officer Amobi") and Ngozi Amobi ("Mrs.

Amobi"), through their attorneys with HANNON LAW GROUP, LLP and for the Complaint

against Defendants states as follows:

## JURISDICTION

Jurisdiction of this Court is found in D.C. Code § 11-921 and in Title 42 U.S.C. §§ 1983,

1985, and 1988.

2

## PARTIES

1.      Officer Amobi is an officer employee of the District of Columbia Department of Corrections.  Ngozi Amobi is his spouse, and both reside in Maryland.

2.      Defendant DISTRICT OF COLUMBIA is a municipal corporation that employed at all times material to this Complaint Defendants DEVON BROWN, ROBERT CLAY, STANLEY WALDREN, ELBERT WHITE, JOAN MURPHY, and DENISE AKA TONI SHELL to operate the DEPARTMENT OF CORRECTIONS [DOC], an agency of the DISTRICT OF COLUMBIA.  These individual defendants are being sued in both their personal capacity and in their capacity as employees of the District of Columbia.

## FACTS COMMON TO ALL COUNTS

3.      Officer Amobi began his employment with the DOC in 1994.  Upon being hired, Officer Amobi received the requisite training in departmental policies and directives, including how to work with the inmates.  As part of this training, Officer Amobi learned a force continuum, which included how to respond to inmate attacks at a variety of levels.  Officer Amobi specifically was trained in use of force against inmates and self-defense.

4.      Originally, Officer Amobi was assigned to the Lorton facility, but upon its closure, he was reassigned to the D.C. Jail.  In 2001, Officer Amobi involuntarily was separated from his employment with the DOC in a Reduction-in Force.  However, in 2004, Officer Amobi was reinstated in a Term Appointment.  Upon the expiration of that term and having met all of the requisite conditions, Officer Amobi was returned to full service.  Prior to the events underlying this Complaint, Officer Amobi has never been the subject of a disciplinary action, nor has he ever been accused of any type of altercation with an inmate.

3

5.    On June 4, 2006, Officer Amobi was assigned to the D.C. Jail to work the midnight shift in the Northwest Three housing unit. The day before, there had been a notorious escape from the D.C. Jail. Two extremely dangerous inmates escaped due to the Agency's mismanagement, and the facility was on high alert.

6.    The supervisor on duty in Northwest Three ordered Officer Amobi to release Inmate Derrick Brown who was serving a weekend sentence. Officer Amobi entered the enclosed sallyport with Inmate Brown in order to release Brown from the housing unit and accompany him out of the jail. While in the sallyport, Inmate Brown attempted to bait Officer Amobi into a physical confrontation through a barrage of verbal insults. Officer Amobi issued a "proper warning" to Inmate Brown "to stop disrespecting him."

7.    Inmate Brown then witnessed DOC management officials approaching the area. Inmate Brown took this opportunity to elicit a reaction from Officer Amobi, in front of witnesses, in order for some disciplinary action to be taken against Officer Amobi. When he saw the three Agency officials walking down the corridor, Inmate Brown stepped forward out of sight of the management officials, and struck Officer Amobi. Officer Amobi did nothing to provoke such an attack. In response to the assault, as he was trained to do, Officer Amobi properly restrained Inmate Brown in the sallyport in an area visible to the management officials down the hall.

8.    Defendants Deputy Warden Stanley Waldren, Major Elbert White and Interim Warden Robert Clay witnessed the restraint of Inmate Brown from a distance and ran to the sallyport area. Not having seen Inmate Brown's assault on Officer Amobi, they yelled for Officer Amobi to cease and desist, which he did immediately. Upon their arrival at the scene, Officer Amobi attempted to tell the officials what had transpired, but they were uninterested in

4

Officer Amobi's version of events.  Defendant White verbally ordered Officer Amobi not to make any statements until ordered to do so.

9.      Defendant Waldren informed Officer Amobi that he was being placed on administrative leave.  Shortly thereafter, Officer Amobi tried to leave the facility to go home. Defendants Brown, Waldren, Clay and White ordered that Officer Amobi be detained at the Jail against his will.  Officer Amobi was directed to return to the administrative area of the Jail. Defendant Clay contacted the Metropolitan Police Department to have Officer Amobi arrested for assault.  Officials at MPD initially refused to participate in the arrest of Officer Amobi because they knew that they could not arrest him for assault without a warrant.  Nevertheless, Defendants Brown, Waldren, Clay and White conspired to pressure the local MPD District Commander to send an MPD Officer to arrest Officer Amobi.

10.      At the direction of Defendants, Officer Amobi was arrested, taken in handcuffs from the D.C. Jail, and incarcerated until his release pending trial.

11.      On July 12, 2006, Officer Amobi was proposed for summary removal from his job by the Defendants.  As part of his rights under the Collective Bargaining Agreement ("CBA"), Officer Amobi had the right to a hearing before a Disinterested Designee/Hearing Officer.  DOC employee Ms. Phuoc Nguyen was assigned as the Hearing Officer.  She held a hearing on August 3, 2006, and reviewed all of the evidence.  Ms. Nguyen determined that Officer Amobi should be reinstated, finding inadequate grounds to terminate him on charges of Malfeasance.  Ms. Nguyen issued a written decision to Defendant Brown, recommending that Officer Amobi be reinstated, finding that Officer Amobi acted in self defense.

12.      The CBA and District of Columbia Personnel laws required that the recommendation of Ms. Nguyen must be sustained, reduced, remanded or dismissed, but under

5

no circumstances may the proposed penalty be increased. The decision was remanded to Ms. Nguyen by Defendant Brown on August 21, 2006. The Remand Memo, prepared by Defendant Murphy, indicated that Defendant Brown disagreed with four of Ms. Nguyen's factual findings, and ordered her to render a new decision by August 23, 2006.

13.    Defendant Denise aka Toni Shell personally directed Ms. Nguyen to change her recommendation to removal. Ms. Nguyen disagreed with Defendant Brown's contentions; however, she immediately changed her recommendation at the demand of Defendants Brown, Murphy, and Shell. With the new recommendation in hand, Defendant Brown issued a final decision ordering Officer Amobi removed from his position with the DOC.

14.    When Defendant Brown delivered his final decision through Defendants Murphy and Shell, he and these Defendants intentionally failed to disclose that Ms. Nguyen had originally recommended reinstatement and that Defendants had pressured Ms. Nguyen to change her decision. The documentation of these events was withheld from Officer Amobi and his Union representatives by Defendants.

15.    After a trial on June 4, 2007, Officer Amobi was acquitted of the charges against him by The Honorable Robert Rigsby. Thereafter, Officer Amobi exercised his right to an arbitration hearing on his removal. Defendants were under an obligation to produce in advance of the hearing all documentation and evidence related to the decision by Director Brown to fire Officer Amobi. Yet, Defendants Murphy and Shell and others continued to cover up the existence of the Brown Remand Memo from attorneys representing the DOC in the arbitration.

16.    During the hearing, Officer Amobi called Ms. Nguyen as a witness. Officer Amobi then learned for the first time that Defendants Brown, Murphy and Shell corruptly had pressured her into changing her original decision. She disclosed, under oath, that she had been

6

directed by Defendant Shell to change her decision and recommend termination. She testified that she had prepared an original decision, had received a remand memo from Defendant Brown, and had prepared a second decision. Ms. Nguyen maintained that her original decision was the correct one. With the disclosure of this information, the arbitrator ordered the Defendants to produce these documents.

17.     The documents were finally disclosed to Officer Amobi during the arbitration at the insistence of the arbitrator. Predictably, Officer Amobi was found by the arbitrator to have been wrongly removed. The arbitrator ordered reinstatement of Officer Amobi with back pay on December 27, 2007. Defendants failed to comply with the arbitrator's award in a timely manner. Officer Amobi was compelled to file an action in the Superior Court for the District of Columbia to compel Defendants to comply with the Award. Defendants did not comply with the Award until ordered to do so by the Superior Court on May 16, 2008.

18.     As a direct and proximate result of the actions of Defendants, Officer Amobi has been defamed, cast in a false light, unjustly incarcerated, held against his will, forced to expend funds in his defense, denied work, denied overtime work, forced to deplete his retirement and savings, and compelled to declare personal bankruptcy in an effort to avoid losing his home.

19.     As a direct and proximate result of the actions of Defendants, Officer Amobi and Mrs. Amobi have suffered physically and emotionally, and will continue to suffer from the consequences of the unjust and unlawful acts of Defendants.

7

### COUNT I- Deprivation of Civil Rights (All Defendants)

20.     Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

21.     Defendants in their own right and in conspiracy and agreement with each other and others within the DC DOC and the DC Government, acting under color of law, sought to and did violate the constitutional rights of Officer Amobi in that Defendants sought to and did deprive Officer Amobi of life, liberty and property without due process of law, in violation of 42 U.S.C. § 1983: to wit, they deprived him of his liberty without due process, engaged in a malicious prosecution without probable cause, and corruptly endeavored to obstruct Officer Amobi in his enjoyment of the laws protecting his right to public employment.

22.     Defendants District of Columbia and the Department of Corrections are liable because the deprivation of Officer Amobi's constitutional rights was the result of a policy and custom adopted by a municipal policy-maker, Defendant Brown as Director of the Department of Corrections, to engage in retaliatory and vindictive violations of DOC employees' constitutional rights. The actions of Defendants and those of their co-conspirators were committed with evil motive, actual malice, oppression, with intent to injure, in willful disregard for the rights of Officer Amobi, and these actions were outrageous, grossly fraudulent, and reckless towards the well-being and rights of Officer Amobi.

23.     As a direct and proximate result of Defendants' violating Officer Amobi's Civil Rights, Officer Amobi suffered loss of income and other employment benefits, loss of overtime, loss of his savings and retirement, and damage to his professional and personal reputation. Further, as a direct and proximate cause of Defendants' violating Officer Amobi's Civil Rights,

8

Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

### COUNT II - Conspiracy to Interfere with Civil Rights (All Defendants)

24.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

25.    Section 1985(2) of the United States Code prohibits any person from conspiring for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

26.    Defendants among and between themselves and with others within the District of Columbia Government, including officers of the Metropolitan Police Department, did conspire to falsely imprison and to arrest Officer Amobi without a warrant and without probable cause. The actions of Defendants Brown, Waldren, Clay, and White violated pre-existing law, and the unlawfulness of their actions was readily apparent to them as law enforcement professionals. The established law of the District of Columbia provides that no officer may arrest a person without probable cause and no officer may arrest a person for assault unless the assault occurred in the presence of the officer.

27.    Defendants among and between themselves and with others within the District of Columbia Government did conspire to deprive Officer Amobi of the full protections of the laws and procedures to which he was entitled as an employee of the Department of Corrections by corruptly endeavoring to coerce Ms. Nguyen into changing her recommendation as hearing officer, by corruptly concealing said conduct from Officer Amobi and his representatives, by

9

corruptly concealing said conduct from an arbitrator duly authorized to make a determination as to Officer Amobi's discharge, and by otherwise obstructing and interfering with the fair and lawful conduct of an agency's affairs as established by law. The actions of Defendants Brown, Murphy, and Shell violated pre-existing law, and the unlawfulness of their actions was readily apparent to them as employees charged with administration of the personnel laws and regulations of the District of Columbia. The established law of the District of Columbia provides that the deciding official in a case of employee discipline may not interfere with the procedural protections afforded the employee, and that the deciding official may not impose a harsher penalty than that proposed by the hearing examiner.

28.     Defendants District of Columbia and the Department of Corrections are liable because the deprivation of Officer Amobi's constitutional rights was the result of a policy and custom adopted by a municipal policy-maker, Defendant Brown as Director of the Department of Corrections, to engage in retaliatory and vindictive violations of DOC employees' constitutional rights. The actions of Defendants and those of their co-conspirators were committed with evil motive, actual malice, oppression, with intent to injure, in willful disregard for the rights of Officer Amobi, and these actions were outrageous, grossly fraudulent, and reckless towards the well-being and rights of Officer Amobi.

29.     As a direct and proximate result of Defendants' violating Plaintiffs' Civil Rights, Officer Amobi suffered loss of income and other employment benefits, loss of overtime, loss of his savings and retirement, and damage to his professional and personal reputation. Further, as a direct and proximate cause of Defendants' violating Officer Amobi's Civil Rights, Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

10

## COUNT III – Civil Conspiracy (All Defendants)

30.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

31.    The Defendants entered into an agreement, amongst themselves and with others, to deprive Officer Amobi of his freedom by restraining him and unlawfully arresting him and to deprive Officer Amobi of his property by obstructing the hearing process. The Defendants violated the law and offended the clearly stated public policy of the District of Columbia, culminating in the unjust firing and wrongful termination of Officer Amobi from his employment.

32.    The Defendants, amongst themselves engaged in overt acts in furtherance of their conspiracy, the direct and proximate result of which was injury to Officer Amobi, who suffered loss of employment, emotional distress, damage to his reputation, and impairment of his income.

## COUNT IV – Aiding and Abetting (All Defendants)

33.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

34.    Defendants aided one another and others by permitting and encouraging one another and others to engage in unlawful tactics by permitting and encouraging the false arrest of Officer Amobi in direct violation of his constitutional rights and by attempting to obstruct the fair resolution of his employment grievance.

35.    Defendants knowingly and substantially aided one another and others in the violation of Officer Amobi's rights.

11

36.    As a direct and proximate result of Defendants' aiding and abetting, Officer Amobi suffered loss of employment, emotional distress, damage to his reputation, and impairment of his income earning.

## COUNT V - False Arrest (DC, DOC, Brown, Waldren, Clay, and White)

37.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

38.    Defendants, including employees of Defendant District of Columbia serving with the Metropolitan Police Department, caused Officer Amobi to be restrained of his liberty and arrested without probable cause and without the issuance of a warrant as required under District of Columbia law. The actions of Defendants were committed with evil motive, actual malice, oppression, with intent to injure, in willful disregard for the rights of Officer Amobi, and these actions were outrageous, grossly fraudulent, and reckless towards the well-being and rights of Officer Amobi.

39.    As a direct and proximate result of Defendants' actions, Officer Amobi suffered loss of income and other employment benefits, loss of overtime, loss of his savings and retirement, and damage to his professional and personal reputation. Further, as a direct and proximate cause of Defendants' actions, Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

## COUNT VI - Malicious Prosecution (DC, DOC, Brown, Waldren, Clay, and White)

40.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

41.    The acts of Defendants constitute malicious prosecution in that they perpetuated a criminal prosecution of Officer Amobi without probable cause.

42.    The actions of Defendants were committed with evil motive, actual malice, oppression, with intent to injure, in willful disregard for the rights of Officer Amobi, and these actions were outrageously, grossly fraudulent, and reckless towards the well-being and rights of Officer Amobi.

43.    As a direct and proximate result of Defendants' actions, Officer Amobi suffered loss of income and other employment benefits, loss of overtime, loss of his savings and retirement, and damage to his professional and personal reputation.  Further, as a direct and proximate cause of Defendants' actions, Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

### COUNT VII - Intentional Infliction of Emotional Distress (All Defendants)

44.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

45.    Defendants acted in an extreme and outrageous fashion in depriving Officer Amobi of his liberty and in corruptly attempting to influence his arbitration proceedings.

46.    As a direct and proximate result of Defendants' acts, Officer Amobi suffered monetary loss and damage to his professional and personal reputation.  Further, as a direct and proximate cause of Defendants' acts, Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

13

## COUNT VIII - Defamation (All Defendants)

47.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

48.    Defendants were negligent in causing false statements to be published to others regarding Officer Amobi.  Defendants also acted recklessly and intentionally and their conduct rises to the level of a constitutional violation.

49.    As a direct and proximate result of Defendant's acts, Officer Amobi suffered loss of income and other employment benefits and damage to their professional and personal reputations.  Further, as a direct and proximate cause of Defendants' acts, Officer Amobi has endured mental and physical pain and suffering, embarrassment, humiliation, mental anguish, and the costs and attorneys' fees of this action.

## Count IX – Loss of Consortium (All Defendants)

50.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

51.    Mrs. Amobi's right to the consortium, material services, love, affection, services, society, companionship, sexual relations, and other matters generally associated with the marital relationship, were wrongly deprived by the actions of Defendants.

52.    As a direct and proximate result of such wrongful conduct, Mr. Amobi demands compensatory damages.

14

**COUNT X- Punitive Damages and Attorney's Fees (All Defendants)**

53.    Officer and Mrs. Amobi repeat each and every allegation contained in all preceding paragraphs and incorporates the same herein.

54.    Defendants acted with evil motive, actual malice, deliberate oppression, with intent to injure Officer Amobi and in willful disregard for his rights. Defendants' conduct was itself outrageous, grossly fraudulent, and reckless toward Officer Amobi, for which Officer Amobi demands punitive damages and the costs and attorneys' fees of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Stephen Amobi and Ngozi Amobi pray that they be awarded compensatory damages in the amount of $5,000,000 and punitive damages in the amount of $15,000,000, and payment of costs and attorneys' fees associated with this action.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all Counts triable by jury and of all factual allegations required for the determination of this Complaint.

Respectfully submitted,

HANNON LAW GROUP, LLP

J. Michael Hannon, #352526
1901 18ᵗʰ Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com

*Attorneys for Plaintiff*

15



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

STEPHEN IFEANYI AMOBI
    Vs.                          C.A. No.      2008 CA 004126 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge RONNA L BECK
Date:  June 4, 2008
Initial Conference: 9:30 am, Friday, September 12, 2008
Location:   Courtroom 518
             500 Indiana Avenue N.W.
             WASHINGTON, DC  20001

Caio.doc

ADD(   )UM TO INITIAL ORDER AFFEC   NG
ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | 0004126-08 |
| **vs.** | Civil Action No. |
| Elbert White | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | By |
| Hannon Law Group, LLP | |
| Address | |
| 1901 18th Street, NW  Wash., DC 20009 | |
| (202) 232-1907 | Date June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-464/Mar. 96

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Stephen Ifeanyi Amobi and Ngozi Amobi

*Plaintiff*

vs.

Joan Murphy

*Defendant*

Civil Action No.

0004126-08

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

J. Michael Hannon, Esq.
Name of Plaintiff's Attorney

Hannon Law Group, LLP
Address

1901 18th Street, NW Wash., DC 20009

(202) 232-1907
Telephone

By _____
Deputy Clerk

Date June 4, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(b)-464/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Stephen Ifeanyi Amobi and Ngozi Amobi

*Plaintiff*

vs.

District of Columbia
SERVE: OFFICE OF THE SECRETARY c/o TABITHA
BRAXTON

*Defendant*

0004126-08

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

J. Michael Hannon, Esq.
Name of Plaintiff's Attorney

Hannon Law Group, LLP
Address

1901 18th Street, NW Wash., DC 20009

(202) 232-1907
Telephone

By _____
Deputy Clerk

Date June 4, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-86/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Stephen Ifeanyi Amobi and Ngozi Amobi

_Plaintiff_

0004126-08

vs.

District of Columbia
SERVE: OFFICE OF THE ATTORNEY GENERAL

Civil Action No.

_Defendant_

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 pm., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

J. Michael Hannon, Esq.
Name of Plaintiff's Attorney

Hannon Law Group, LLP
Address

1901 18th Street, NW Wash., DC 20009

(202) 232-1907
Telephone

By _____
Deputy Clerk

Date June 4, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(01)-40/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | 0004126-08 |
| vs. | Civil Action No. |
| Denise Shell aka Toni Shell | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | By _[signature]_ |
| Hannon Law Group, LLP | Deputy Clerk |
| Address | |
| 1901 18th Street, NW  Wash., DC 20009 | |
| (202) 232-1907 | Date  June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(s) number. w.    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | 0004126-08 |
| vs. | Civil Action No. |
| Devon Brown | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.   You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | |
| Hannon Law Group, LLP | By _____ |
| Address | *Deputy Clerk* |
| 1901 18th Street, NW  Wash., DC 20009 | |
| (202) 232-1907 | Date June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(b)-446/Mar. 98          NOTE:   SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | |

0004126-08

VS.

District of Columbia Department of Corrections

Civil Action No.

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | |
| Hannon Law Group, LLP | By [signature] |
| Address | Deputy Clerk |
| 1901 18th Street, NW Wash., DC 20009 | |
| (202) 232-1907 | Date June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(H)-448/Mar. 96

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | **0004126-08** |
| vs. | |
| Stanley Waldren | Civil Action No. |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | By |
| Hannon Law Group, LLP | *Deputy Clerk* |
| Address | |
| 1901 18th Street, NW  Wash., DC 20009 | |
| (202) 232-1907. | Date June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(b)-MM(c). 8

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Stephen Ifeanyi Amobi and Ngozi Amobi | |
| *Plaintiff* | 0004126-08 |
| vs. | Civil Action No. |
| Robert Clay | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| J. Michael Hannon, Esq. | |
| Name of Plaintiff's Attorney | By |
| Hannon Law Group, LLP | *Deputy Clerk* |
| Address | |
| 1901 18th Street, NW Wash., DC 20009 | |
| (202) 232-1907 | Date June 4, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-446/Mar. 96

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_STEPHEN NGOZI, ET AL_
Plaintiff

v.

_D.C., ET AL_
Defendant

Civil Action No.   **08 1501**

**AUG 2 8 2008**

The above entitled action, ~~removed from the Superior Court of the~~ District of Columbia, has been filed and assigned to Judge _**KENNEDY, JR. J. HHK**_ _____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: J. MICHAEL HANNON

929A
Rev. 7/02

6-1501
08-1501
HHK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

STEPHEN AMOBI AND NGOZI AMOBI

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Upper Marlboro
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

J. Michael Hannon
1901 18th Street, NW
Washington, DC 2009
(202) 232-1907

## DEFENDANTS

District of Columbia, the D.C. Department of
Corrections, et al.                                   11008

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

Case: 1:08-cv-01501
Assigned To : Kennedy, Henry H.
Assign. Date : 8/28/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
    Plaintiff

⊙ 3 Federal Question
    (U.S. Government Not a Party)

O 2 U.S. Government
    Defendant

O 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

**O D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)      OR      O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (If not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding ◉ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiffs claim Mr. Amobi was denied due process of law, engaged in a malicious prosecution without probable cause, under 42 U.S.C. § 1983.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 20,000,000 Check YES only if demanded in complaint JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 08/27/2008 SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.