UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN IFEANYI AMOBI, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-1501 (HHK/JMF) |
| DISTRICT OF COLUMBIA DEP'T OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This case has been referred to me for resolution of discovery disputes. Five discovery motions are currently pending: 1) <u>Motion for Sanctions for Failure to Respond to Discovery Requests</u> [#34] ("Mot. to Sanction"), 2) <u>Motion for Protective Order Precluding its 30(b)(6) Designee's Deposition on March 23, 2009</u> [#38] ("Mot. to Protect"), 3) <u>Motion for Extension of Time to Complete Discovery</u> [#40] ("Mot. to Extend"), 4) <u>Motion to Quash Subpoena</u> [#42] ("Mot. to Quash"), and 5) <u>Motion to Strike Surreply</u> [#48] ("Mot. to Strike"). I will address each of these in turn.

**I. Motion to Strike.**

Defendants correctly argue that there is no automatic right to file a surreply to be found in the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiffs did not seek leave of court to file their surreply to the Motion for a Protective Order. Accordingly, that surreply [#46] shall be stricken, and the Motion to Strike shall be granted.

## II.   Motion for Protective Order.

The time has passed for taking the deposition that defendants sought to preclude by their motion for a protective order.  Thus, the motion is moot.  I will address defendants' contention that their counsel should be excused for failing to appear at the deposition in my analysis of the pending Motion for Sanctions.  The Motion for a Protective Order will be denied as moot.

## III.   Motion to Quash.

This case arises out of an allegation that plaintiff Stephen Amobi was discriminated against by the D.C. Department of Corrections.  Plaintiff was employed as a corrections officer in the D.C. Jail.  He alleges that he was releasing an inmate when the inmate struck him and he responded by restraining the inmate as he was required to do.  Despite his allegedly proper behavior, plaintiff was prosecuted for assault and ultimately acquitted.  In addition to his prosecution, plaintiff was terminated from his job, and deficiencies in the review process form part of the basis of his complaint in this case.

Plaintiffs served a subpoena on the U.S. Attorney's Office ("USAO") seeking the USAO's files related to the criminal prosecution.  Defendants are seeking to quash that subpoena on the grounds that the documents it seeks are privileged.  Plaintiffs argue that defendants do not have standing to object to the third-party subpoena and that the USAO is a sophisticated entity that can preserve its own rights.  I have recently addressed this very issue.

> It is certainly true that a party may challenge a subpoena when enforcement of it may disclose information that that party can claim is privileged at common law or by statute or rule.  That would mean that the Defendants could challenge enforcement of the subpoena if they showed it threatened the disclosure of information that was protected by the attorney-client or work product privileges.  But, these defendants could not challenge the subpoena on the grounds that it threatened the disclosure of

2

>information that was privileged because of the attorney-client
>relationship between the insurance carrier and its counsel or
>because it represented the work product of the insurance carrier's
>counsel. They have no standing to make such an objection.

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007). While admittedly, a party may have standing to move to quash a subpoena directed to a third party where that subpoena infringes on the moving party's rights, the defendants here have no right to claim work product or attorney-client privilege on behalf of the USAO. Cf. Khouj v. Darui, 248 F.R.D. 729, 732 n.6 (D.D.C. 2008) (noting that parties have standing to move to quash subpoenas seeking their financial records from third-party banks because they have a legitimate interest in protecting their private financial information); Fed. R. Crim. P. 17(c)(2) (allowing government in criminal cases to move to quash subpoenas if compliance would be unreasonable or oppressive without limitation – no comparable provision applies in civil matters).

Because the defendants here have no right to claim privilege regarding the USAO's files, I will deny the Motion to Quash.

### IV.  Motion for Sanctions.

Plaintiffs submitted written discovery requests to defendants on January 22, 2009. Defendants filed dispositive motions on February 4 and 5, 2009. Also on February 5, defendants filed a motion to stay discovery pending resolution of the dispositive motions. Judge Kennedy granted the stay temporarily while the motion to stay could be fully briefed and decided. The stay began on February 9 and was ultimately lifted on February 27. Plaintiffs filed this motion on March 13, 2009, faulting defendants for a number of things and seeking dismissal, or, in the alternative, that defendants be precluded from admitting any evidence at trial as a sanction.

1. Written discovery.

Plaintiffs first argued that defendants had not responded to plaintiffs' written discovery requests. Defendants counter that this complaint is premature and moot because when the motion was filed, the deadline for answering the discovery responses had not passed, and they have since been answered. I agree that defendants should not be sanctioned for failing to answer discovery responses before their due date. Accordingly, I will not award sanctions for this behavior.

2. Inspection.

Plaintiffs next argue that the parties had arranged for an inspection of D.C. Jail on March 18, 2009, but plaintiffs were concerned that defendants were going to cancel the visit. This concern would better have been addressed in a motion to compel, not a motion for sanctions. And, that issue has been rendered moot because the jail visit occurred on March 18.

3. Depositions.

Finally, plaintiffs accuse defendants of intentionally refusing to schedule depositions in a calculated attempt to run out the clock on discovery. Plaintiffs identify (1) two depositions that were scheduled to take place during the discovery stay; (2) 11 depositions that plaintiffs sought to take during the week of March 9; (3) a 30(b)(6) deposition of the Metropolitan Police Department ("MPD") and several of its members; and (4) the 30(b)(6) deposition that is the subject of the motion for a protective order. Plaintiffs argue that defendants should be sanctioned for counsel's failing to appear at these depositions and failing to offer alternative dates.

Defendants' counsel responded that they were unable to appear at the depositions due to

witnesses' scheduling conflicts and counsel's professional obligations.  Defendants' counsel informed plaintiffs' counsel that those obligations, including preparation for two other trials, would make it impossible for defendants' counsel to complete their discovery obligations within the original deadline.  Defendants' counsel sought plaintiffs' counsel's consent to seek an extension, and plaintiffs' counsel refused.

First, failure to appear for the depositions that were postponed because of the discovery stay is not sanctionable – those depositions were cancelled by the Court.

Defendants' counsel's failure to appear for the 30(b)(6) deposition that was the subject of the motion for a protective order is also not sanctionable under Rule 37 because defendants had a pending motion for a protective order.  Fed. R. Civ. P. 37(d)(2) ("A failure described in [section of Rule 37 that permits sanctions for failure to appear at one's own deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").  The fact that conduct is not sanctionable under Rule 37 does not render it proper, however.  In this particular instance, had I been given time to consider it, I would have granted the motion for a protective order as counsel had a conflict and had attempted to work with opposing counsel, to no avail, to reschedule.  But, lest anyone take this opinion as justification for filing last minute motions for protective orders and failing to appear, I feel it prudent to point out that Rule 37 is not the only available vehicle for sanctions and I would not hesitate to use my inherent authority to control discovery to sanction a party for filing a frivolous motion for a protective order solely to avoid attending a deposition.

In regard to the remaining depositions, I understand plaintiffs' frustration and

commendable desire to abide by Judge Kennedy's scheduling order.  While I agree that failure to appear for depositions is the sort of conduct that is eligible for sanction under Rule 37, I do not think that sanctions are appropriate in this case.  See Fed. R. Civ. P. 37(d)(1)(A).  This is not a case where defendants' counsel completely ignored the notices of deposition *and* failed to appear.  Compare Perez v. Berhanu, 583 F. Supp. 2d 87, 88-89 (D.D.C. 2008).  Rather, defendants' counsel informed plaintiffs all along that he would not be able to complete the many depositions that plaintiffs sought to take in the time remaining for discovery.  Plaintiffs also suggest that the reason defendants' counsel was unavailable was because defendants were being obstructionist.  Defendants' counsel explains, however, that he was preparing for a jury trial on March 30, and, at the relevant time, was also looking forward to trials on April 20 and 27.  While that does not excuse his obligations in this case completely, it certainly explains why he was so busy in the last few weeks of March.  Given this information, I don't see any evidence of bad faith on the defendants' counsel's part that convinces me that she should be punished at all, let alone by the drastic sanctions that plaintiffs seek.

For these reasons, the Motion for Sanctions will be denied.

### V.   Motion to Extend.

Finally, defendants have filed a motion seeking to extend the discovery deadline for 90 days and to set a new briefing schedule.  Because I am satisfied that defendants have demonstrated that they have legitimate conflicts that have interfered with the discovery process, I will grant the motion.  However, given the scheduling problems that have plagued this case, I will order the parties to meet and confer regarding the discovery that remains outstanding.  The parties shall then file a joint scheduling order within ten days of the date of this Opinion that

includes dates and times for depositions that have yet to be taken.  I will order that those depositions be taken at the scheduled dates and times, and barring medical emergency, natural disaster, or a comparably serious reason, failure to appear for those depositions will be punishable by contempt.

### VII.    Conclusion.

For the reasons stated herein, docket nos. 34 and 42 will be denied, docket nos. 40 and 48 will be granted, and no. 38 will be denied as moot.

An Order accompanies this Memorandum Opinion.


Date: April 28, 2009                                     /S/                                          
                                                JOHN M. FACCIOLA
                                                U.S. MAGISTRATE JUDGE