# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN IFEANYI AMOBI <br> NGOZI AMOBI | * <br> * <br> * <br> * |
| v. | *    Civil No. – JFM-08-1501 <br> * |
| DISTRICT OF COLUMBIA <br> GOVERNMENT, ET AL. | * <br> * |

## MEMORANDUM

Plaintiffs have filed a motion to reassign the case to a district judge sitting in the District of Columbia. Defendants take no position on the motion.

I handled this case pursuant to an intercircuit assignment. Initially, the case was assigned to the Honorable Benson E. Legg, when the District of Maryland agreed to accept intercircuit assignments because of the health of the Honorable Henry H. Kennedy, Jr., several vacancies that existed in the District of Columbia, and the anticipated workload increase in the District of Columbia because of the filing of cases from Guantanamo Bay. Judge Legg had not decided a motion for summary judgment filed by the defendants that had been lingering for some time when he retired from the bench. Accordingly, I requested and received an intercircuit assignment to handle this case for Judge Legg.[1] On August 9, 2013, I issued an opinion and order granting summary judgment to defendants.

My ruling was appealed to the Court of Appeals for the District of Columbia. On June 27, 2014, the Court of Appeals affirmed my decision in part, reversed in part, and remanded it for further proceedings. As soon as the mandate was issued, I held a scheduling conference with

---

[1] I had handled several other cases pursuant to intercircuit assignments to assist the judges in the District of Columbia.

counsel so that a prompt trial date could be set. During the conference plaintiffs' counsel advised me that this motion would be filed, and counsel for the District of Columbia indicated they would take no position on it.[2]

The motion will be granted, and I will request the Intercircuit Assignment Committee to ask the Chief Justice of the United States to rescind my intercircuit assignment. The District of Columbia district court is now at full strength, and I am fully occupied taking a 100% caseload in this court (in which a vacancy currently exists and another will soon occur) and in handling cases from other districts. Although the District of Maryland is adjacent to the District of Columbia, it would be inconvenient for me to preside over the trial because of the heavy traffic between Baltimore and Washington.

A separate order granting plaintiffs' motion is being entered herewith.

Date: September 29 2017

J. Frederick Motz
United States District Judge

---

[2] If the District of Columbia had filed the motion, I might be disinclined to grant it. The District is a frequent litigant in the United States District Court for the District of Columbia, and arguably it would be inappropriate for the District to play an active role in the selection of the judge who is to preside over a trial. Thus, its decision not to take a position at all is the appropriate one.