**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STEPHEN AMOBI, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>DEVON BROWN, *et al.*, )<br><br>Defendants. ) | Case No. 08-cv-1501 |

## MEMORANDUM OPINION AND ORDER
## REGARDING OUTSTANDING EVIDENTIARY ISSUES

The parties have submitted extensive objections and arguments regarding the proposed exhibits and witnesses for the upcoming trial. This Court previously resolved many of the objections Defendants submitted in their omnibus motion *in limine* (ECF No. 235) during the Initial Pretrial Conference held on May 29, 2018, and the remaining issues in the omnibus motion—motions F, G, J, and K—will be addressed at the Final Pretrial Conference scheduled for June 21, 2018. (*See* Defs.' Omnibus Mot. *in Limine*; *see also* Pls.' Opp'n to Defs.' Omnibus Mot. *in Limine*, ECF No. 239; Defs.' Reply for Omnibus Mot. *in Limine*, ECF No. 241; Hr'g Tr. of May 29, 2018 (reflecting the Court's oral rulings on motions A, B, C, D, E, H, and I).)

Before this Court at present are the remaining evidentiary disputes, as raised and briefed in various sets of filings. (*See* Revised Pls.' Exhibit List and Defs.' Objections, ECF No. 247-3; *see also* Defs.' Supp. Mot. *in Limine*, ECF No. 236; Pls.' Opp'n to Defs.' Supp. Mot. *in Limine*, ECF No. 243; Defs.' Reply for Supp. Mot. *in Limine*, ECF No. 245; *see also* Pls.' Proffer of Evid. and Mem., ECF No. 247; Defs.' Resp. to Pls.'

Proffer of Evid. and Mem., ECF No. 252; Pls.' Reply for Proffer of Evid. and Mem., ECF No. 253; Def. Brown's Resp. to Pls.' Proffer of Evid. and Mem., ECF No. 256.) The Court has reviewed all of the objected-to exhibits and witnesses, as well as the various arguments that the parties have offered pertaining to the evidentiary value and admissibility of the proffered evidence. This Order reflects the Court's rulings, which will be expounded upon if necessary at the Final Pretrial Conference in this case, which is scheduled for June 21, 2018 at 10:30 AM.

Notably, what follows is a brief statement of the reasons for the Court's rulings with respect to each exhibit that is addressed below; the Court's conclusions were reached based upon its careful consideration of the parties' most meritorious arguments. Given the number of objections and the myriad bases that were raised and briefed for each disputed exhibit, the Court will not comment upon every argument raised by the parties with respect to each exhibit that is discussed.

## I. EVIDENCE FROM THE CRIMINAL TRIAL AND ARBITRATION PROCEEDING

A common theme underlying a significant number of the evidentiary disputes in this case is the extent to which evidence related to the previous proceedings that form the bases of the present common law malicious prosecution claims can be admitted at trial, and for what purpose. Accordingly, in its Order Scheduling Pre-Trial Conference and Submission of Joint Pre-Trial Statement, this Court instructed the parties to "brief, among other issues, whether and to what extent evidence from and concerning the previous administrative and criminal proceedings is relevant to the instant case and should be admissible" in their renewed motions *in limine*. (ECF No. 231, para. 5(a); *see also* Min. Order of Apr. 26, 2018 (instructing the parties to file such a supplemental

brief after seeing no such submission in the pretrial materials).) Because of the importance of these evidentiary rulings to this case and the presentation of evidence regarding the previous criminal trial and the administrative proceeding in the context of Plaintiffs' malicious prosecution claims, the Court finds it appropriate and helpful to expound upon its reasoning with respect to these issues.

As a general matter, in resolving these evidentiary disputes, the Court faces a tension between, on the one hand, allowing Plaintiffs to introduce evidence related to the previous proceedings to the extent such evidence is probative of the remaining claims in this case, and on the other, preventing the risk of prejudice to Defendants that would occur if evidence unrelated to their alleged conduct becomes a dominate factor at trial or if the prior proceedings are re-litigated in the context of the instant proceedings. Accordingly, Federal Rule of Evidence 403, which governs the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence[,]" Fed. R. Evid. 403, plays a large part in the Court's analysis of the evidence, and the Court has proceeded with an acute awareness of the need for Plaintiffs to demonstrate *how* the evidence being offered is probative of the elements of the claims that are bring tried in this case. This means that Court has been, and will continue to be, focused on the elements of the claims, and will not allow protracted engagement with the underlying facts of the previous proceedings beyond what is relevant to and probative of the elements of the claims at issue.

### A. Evidence Pertaining To The Prior Criminal Proceeding

Plaintiffs seek to offer a number of exhibits and witnesses with respect to the prior criminal proceeding, including Exhibit 75 (Docket Sheet, United States v. Amobi,

2006 CMD 12120), Exhibit 77 (2007.06.04 Testimony of Derrick Brown from Criminal Trial), Exhibit 80 (2007.06.04 Testimony of Elbert White from Amobi Criminal Trial), and Exhibit 81 (Findings of the Court from Amobi Criminal Trial). In addition, Plaintiffs also seek to offer the testimony of Danny Onorato, the attorney who represented Amobi in his criminal trial. The Court has addressed each of these in turn.

1. The Criminal Court's Findings (Exhibit 81)

With respect to the findings of the trial court in Amobi's criminal case, this Court finds that any probative value of this exhibit is significantly outweighed by the danger of unfair prejudice and confusing the jury. *See* Fed. R. Evid. 403. "Within this district, courts have consistently avoided potential jury confusion and unfair prejudice in related actions by excluding judicial findings, convictions, and similar evidence on Rule 403 grounds." *Moore v. Hartman*, 102 F. Supp. 3d 35, 143 (D.D.C. 2015) (internal quotation marks and alterations omitted) (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 109 (D.D.C. 2007).) Here, the presentation of the criminal court's findings to the jury carries with it the risk that the jury would "accord[] more weight to the analysis of the evidence laid out in the [] [o]pinion than to their own perceptions of the evidence simply because the opinion was authored by a judge." *Id.*

Moreover, and in particular, it is clear that the criminal court's findings explicitly rest on that court's own credibility determinations (*see* Exhibit 81 (noting that "the Court observed the demeanor of the witnesses" and has found Amobi not guilty on the basis on of its observations and the evidence in the case)), and in this Court's view, introducing such findings and determinations to the jury in the instant malicious prosecution case carries the risk of interfering with the jury's freedom to determine the credibility of the same witnesses for itself. Furthermore, the criminal

court's opinion may confuse the issues and mislead the jury with respect to the claims in this case, because that court's 'not guilty' finding was made on an entirely different standard and a different factual inquiry than the issues of fact presented in the instant case. *See* Fed. R. Evid. 403; *Moore*, 102 F. Supp. at 144. Therefore, much like other courts in this jurisdiction that have contended with motions *in limine* seeking the exclusion of the previous judicial opinions in the criminal cases underlying a malicious prosecution claim, this Court will **GRANT** Defendants' motion with respect to **Exhibit 81** and exclude the court's findings in Amobi's criminal trial.

### 2. Transcripts of Prior Testimony (Exhibits 77, 80)

Plaintiffs seek to offer the prior testimony of then-inmate Derrick Brown and former Defendant Major Elbert White as evidence in this case. As a threshold matter, it is clear beyond cavil that former testimony implicates the hearsay rule, and thus must be evaluated on a case-by-case (and perhaps even line-by-line) basis, to determine what the out-of-court statements are being offered to prove and, if necessary, whether such statements fit an exception to the rule against hearsay. *See, e.g.*, Fed. R. Evid. 803, 804. As a general matter, Plaintiffs here have failed to indicate clearly the purposes for which they seek to offer Inmate Brown and Major White's prior testimony, and they have also not uniformly pointed to particular hearsay exceptions to justify the admission of this evidence. The Court has done its best to glean from Plaintiffs' various filings the purposes for which this prior testimony is being offered, and it has attempted to do so despite the fact that Plaintiffs have not identified particular statements of interest.

With respect to inmate Brown's testimony during Amobi's the criminal trial, it is unclear why this evidence is relevant to the elements of the malicious prosecution

5

claims at issue in this case, and in its current form (offered in its entirety) the testimony is substantially more prejudicial than probative because no clear connection has been made to show how inmate Brown's testimony about the underlying events leading to Amobi's actions is probative of anything that Defendants Clay, Waldren, or Brown knew or did with respect to procuring Amobi's malicious prosecution. *See* Fed. R. Evid. 403. Furthermore, inmate Brown's prior testimony is hearsay, and Plaintiffs have not demonstrated that this testimony fits into any exception to the hearsay rule. *See, e.g.*, Fed. R. Evid. 803, 804. Therefore, the Court will **GRANT** Defendants' motion with respect to **Exhibit 77** and exclude inmate Brown's criminal trial testimony.

With respect to Major White's testimony, Plaintiffs likewise fail to overcome the hearsay problem. There is no dispute that White is deceased, and is thus considered to be an unavailable witness under Federal Rule of Evidence 804. *See* Fed. R. Evid. 804(a)(4). However, to the extent that Plaintiffs seek admission of his testimony under the rule for former testimony under Rule 804(b)(1), it is not clear to this Court that White's testimony "is now offered against a party who had – or in a civil case, whose predecessor in interest had – *an opportunity and similar motive to develop it by direct, cross-, or redirect examination*[.]" Fed. R. Evid. 804(b)(1)(B) (emphasis added). The individual defendants in the instant action were not parties to the criminal proceeding, nor can they be considered predecessors in interest to a party that had a similar motive to develop testimony pertaining to the actions that give rise to their purported civil liability. What is more, the underlying inquiry in the criminal case (whether Amobi was guilty of assault) and the present civil case (whether Defendants Clay, Waldren, and Brown withheld information and otherwise took steps to malicious prosecute

Amobi) are very different, which means that these Defendants might be prejudiced by the admission of testimony that was developed in an entirely different context by questioners who did not share their motives.

Plaintiffs also argue that White's statements may be offered as non-hearsay co-conspirator's statements under Rule 801(d)(2)(E), but they have not made any proffer to the Court laying out the evidence that demonstrates (1) that White was part of a conspiracy and (2) that the statements they seek to admit were made during the course and in furtherance of the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'"). This failure might be attributable to fact that Plaintiffs seek the admission of the entire transcript of White's testimony, and have failed identify the specific statements they consider to be statements made in furtherance of a conspiracy. In any event, the hearsay rule bars the admission of this testimony in its current form for the reasons stated; therefore, the Court will **GRANT** Defendants' motion with respect to **Exhibit 80** and exclude White's testimony. To the extent that Plaintiffs wish to identify specific statements in the testimony that qualify as non-hearsay or a hearsay exception, they are free to do so.

### 3. Docket Sheet from Criminal Trial (Exhibit 75)

Although the Court agrees with Plaintiffs that courts are permitted to take judicial notice of the dockets in other judicial proceedings, *see Rogers v. District of Columbia*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012), it is not at all clear how the docket

of the criminal trial is relevant to the remaining claims in this case. (*See* Pls.' Opp'n to Defs.' Supp. Mot. *in Limine* at 31 (asserting without explanation that "[t]his information is relevant to show elements of the malicious prosecution claim, as well as what all transpired during the criminal proceeding[,]" and "is relevant to the claim for damages" for the costs of defending the criminal case).) Because Plaintiffs have not made this most basic showing, as is necessary for the Court to evaluate whether and to what extent the docket of the criminal trial has any bearing on the issues of fact that the jury must decide in this case, the Court must **GRANT** Defendants' motion with respect to **Exhibit 75** and exclude the docket sheet from the criminal trial, pending Plaintiffs' demonstration of its relevance. *See* Fed. R. Evid. 401.

### 4. Attorney Danny Onorato

In their supplemental motions *in limine*, Defendants seek the exclusion of the testimony of Danny Onorato, the attorney who represented Amobi in the criminal trial. (*See* Defs.' Supp. Mot. *in Limine* at 16–17.) This Court has considered the suggested nature and scope of Onorato's testimony—the "discovery procedures in that [criminal] case, the initial dismissal of the case for failure to comply with discovery requests, the unprecedented re-instatement of the criminal case, [and] the acquittal of Cpl. Amobi"— and finds that such testimony would be substantially more prejudicial than probative under Rule 403. *See* Fed. R. Evid. 403. The discovery issues in the criminal case or the dismissal and subsequent re-instatement of that case do not plainly pertain to Defendants in the present case, as it is not clear that the individual defendants, who have been accused of being civilly liable for malicious prosecution, had any involvement in those decisions. Further, even if these facets of Onorato's testimony are probative of the claims in this case, Onorato's testimony is likely to be unduly

prejudicial, given that he was Amobi's criminal defense attorney (which indicates significant bias with respect to his views of how the criminal case unfolded) and that his testimony regarding the manner in which the criminal trial was prosecuted might be improperly viewed by the jury as an opinion or an analysis of the conduct in the case. Neither party has opted to present expert witnesses in this matter. *See* Fed. R. Evid. 702. And this Court is concerned that permitting a witness with unquestionable criminal defense expertise to testify about the prior criminal proceedings upon which Plaintiffs' malicious prosecution claims are based comes perilously close to that, especially when the probative value of any such testimony as it relates to the decisions and actions of the individual defendants has not been established.

Accordingly, the Court will **GRANT** Defendants' supplemental motion *in limine* with respect to Onorato's testimony regarding Amobi's criminal trial, and will exclude his testimony. To the extent that Plaintiffs wish to call Onorato to testify regarding Amobi's legal fees in connection with the criminal prosecution, they may re-raise the issue of offering this limited testimony as it relates to damages at an appropriate time.

### B. Evidence Pertaining To The Arbitration Proceeding

With respect to the prior arbitration proceeding, it appears that Plaintiffs seek to offer the entirety of the arbitration hearing transcript—several hundred pages' worth—as reflected in Exhibit 28 (2007.10.02 Amobi Arbitration Transcript), and they also wish to admit into evidence the arbitrator's ultimate finding that Amobi was improperly removed from his position, Exhibit 39 (2007.12.21 Arbitration Opinion and Award). Importantly, it is through the arbitration transcripts that Plaintiffs seek to offer the testimony of Phuoc Nguyen, who served as the hearing officer in Amobi's removal proceeding. In addition, Plaintiffs request that the live testimony of Ann Kathryn So,

an attorney who represented Amobi in the arbitration proceeding, be allowed during the instant trial. The Court's conclusions regarding this evidence (which pertains to the arbitration proceeding that is at the heart of Plaintiffs' claim of malicious prosecution of administrative removal) are as follows.

1. The Arbitrator's Opinion (Exhibit 39)

As an initial matter, the Court must address a new argument that Plaintiffs have made with respect to the arbitrator's opinion: that the arbitrator's conclusions are *binding* with respect to the issues that the jury must decide in the upcoming trial. (*See* Pls.' Proffer of Evid. and Mem. at 27–28 (arguing that "Defendants should be precluded from disputing any issues of fact or conclusions that arose in the prior proceedings under the doctrine of collateral estoppel" and that, specifically, "Defendants should be precluded from challenging the findings of the arbitrator"). Plaintiffs' "collateral estoppel" contention is incorrect for several reasons.

First of all, the arbitrator's opinion has no preclusive effect because the prior arbitration proceeding addressed only whether or not there was cause for Amobi's removal from his Department of Corrections position as a general matter (*see* Exhibit 39 at 3), and the arbitrator did not specifically consider or decide the knowledge, intentions, and actions of the individual defendants, which is what the jury will be required to determine in this malicious prosecution of administrative removal case. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Second, Plaintiffs have pointed to no persuasive authority for their assertion that the results of the arbitration can determine the outcome of issues litigated at trial. To the contrary, similar precedents have generally denied that arbitral awards deserve deference or have preclusive effect in the litigation context; indeed, the Supreme Court has emphasized

that labor arbitrations are not judicial proceedings for the purposes of the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, and it has also noted that arbitrations cannot "provide an adequate substitute for a judicial trial" because "arbitral factfinding is generally not equivalent to judicial factfinding." *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 290 (1984); *see also Alexander v. Gardner-Denver Co.*, 414 U.S. 36, 57–58 (1974). It is also clear to this Court that Plaintiffs have waived any collateral estoppel argument by failing to either raise this issues at summary judgment or include it in a timely filed motion *in limine*. (*See* Scheduling Order, ECF No. 231.) Plaintiffs raised this argument for the first time in the context of a memorandum that it submitted to the Court with its revised list of witnesses and exhibits, three weeks shy of trial. (*See* Pls.' Proffer of Evid. and Mem. at 27–28.) Thus, both substantively and procedurally, the argument must be rejected.

Having decided that the arbitrator's findings do not bind the participants in the instant case or otherwise preclude the submission to the jury of issues of fact that the previously arbitrator decided, the Court next considers the admissibility of the arbitrator's opinion as evidence in the upcoming trial. Similar to the Court's concerns regarding the opinion of the criminal court, *see supra* Part I.A.1, this Court is also of the opinion that this evidence would be substantially more prejudicial than probative if it is submitted to jury. *See* Fed. R. Evid. 403. Admission of the arbitrator's opinion would likely cause confusion given the scope of the inquiry the arbitrator conducted, and its similarity to one of the elements of the malicious prosecution claim—i.e., "the absence of probable cause for the proceeding[.]" *Amobi v. D.C. Dep't of Corr.*, 755 F.3d 980, 992 (D.C. Cir. 2014). The jury must make its own determination regarding

whether or not this element is satisfied, *see Athridge*, 474 F. Supp. 2d 102, 109 (D.D.C. 2007), and there is a substantial risk that it would defer to the arbitrator's conclusion in this regard, rather than undertaking its own evaluation, if such conclusion is admitted into evidence.

Similarly, because the arbitrator's findings rest on assessments of the credibility of the witnesses who testified during the arbitration hearing (*see* Exhibit 39 at 23 (noting expressly that "the Arbitrator considered the witnesses' demeanor, motivation and the consistency of their rendition of the disputed facts"), there is a substantial risk that the jury's own determination of the credibility of these same witnesses in the context of this trial will be influenced in a manner that is prejudicial to Defendants if the arbitrator's assessment is admitted into evidence at trial. Again, while Plaintiffs would no doubt prefer to be able to rely on the arbitrator's previous conclusions regarding some of the same facts that the jury will be called upon to decide in the context of the instant case, this Court is justifiably concerned that "the arbitrator's comments and findings regarding the credibility of witnesses who also testif[y] at trial would either usurp the jury's role in assessing credibility or would be unfairly prejudicial[.]" *Wilmington v. J.I. Case Company*, 793 F.2d 909, 919 (8th Cir. 1986).

Therefore, this Court will **GRANT** Defendants' motion *in limine* with respect to **Exhibit 39** and exclude arbitrator's opinion. *See* Fed. R. Evid. 403.

2. Transcripts of Previous Arbitration Hearing Testimony, Including The Testimony Of Phuoc Nguyen (Exhibit 28)

Plaintiffs have further sought to introduce large swaths of the testimony that was elicited during the arbitration proceeding. As a general matter, this testimony is hearsay, *see* Fed. R. Evid. 801(c), and is significantly more prejudicial than probative in

bulk form, *see* Fed. R. Evid. 403. Plaintiffs have also failed to establish its relevance with respect to the elements of the current claims, e.g., by connecting the offered testimony to what the named Defendants knew or did, *see* Fed. R. Evid. 401, and Plaintiffs have also failed to show how any hearsay exception applies. In addition, the wholesale admission of such testimony has the potential to confuse the jury by replaying the events of the arbitration proceeding unnecessarily. Thus, to the extent that Plaintiffs seek to offer **the entirety of Exhibit 28**, this Court will **GRANT** Defendants' motion *in limine* with respect to that exhibit.

That said, it appears that Plaintiffs intend to introduce, in particular, the portion of Exhibit 28 that contains the testimony of Phuoc Ngyuen (*see* Pls.' Proffer of Evid. and Mem. at 25); Defendants have sought the exclusion of any such evidence in their supplemental motion *in limine* (*see* Defs.' Supp. Mot. *in Limine* at 17). Plaintiffs represent that they have attempted to secure Nguyen's presence at trial by serving her a subpoena, which was left with her husband, and speaking telephonically to family members who indicated that Nguyen was "not well and [] refuses to come to D.C. to testify" (Pls.' Proffer of Evid. and Mem. at 25–26; *see also id.* at 26 (asserting that, subsequently, Nguyen "did not answer any other phone call").)

Given the representations of Plaintiffs' counsel as an officer of the court, this Court has no reason to believe Nguyen is not an unavailable witness under Rule 804(a)(5). And with respect to unavailable witnesses, Rule 804(b)(1) provides a hearsay exception for testimony that was given at a hearing and is now offered against a party or predecessor-in-interest who had a similar motive to develop the testimony. *See* Fed. R. Evid. 804(b)(1). The Court finds that the requirements of Rule 804(b)(1) are

satisfied with respect to Nguyen's prior testimony in the arbitration proceeding, because Nguyen provided relevant testimony under oath, and was cross-examined in the context of a defense of Defendant Brown's decision to remove Amobi from his position, which is essentially the same inquiry in the present case. Unlike the prosecution in the criminal proceeding, the Department of Corrections had a similar motive for cross-examining Nguyen as the individual defendants have in the instant context, such that DOC can logically be considered the predecessor-in-interest to these Defendants for this purpose—or at least sufficiently within the "community of interest" identified in *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179 (3d Cir. 1978)—such Defendants would not be unduly prejudiced by the admission of Nguyen's prior testimony in the context of this case. *See Athridge*, 474 F. Supp. 2d at 115.

Therefore, the Court finds that Rule 804(b)(1) applies, and on that basis, it will **DENY** Defendants' supplemental motion *in limine* with respect to Nguyen's testimony and will admit her prior testimony for the purposes of trial.

### 3. Attorney Ann Kathryn So

Defendants also seek to exclude the testimony of Ann Kathryn So, an attorney who represented Amobi during the arbitration proceeding, and who Plaintiffs have offered to call to the stand in this case to "testify to the conduct of the DOC in falsifying evidence and actions in the arbitration which tended to cover up misconduct by DOC officials in the discipline of Cpl. Amobi." (Pretrial Statement, ECF No. 244 at 16; *see also id.* (explaining that So "will also testify to the disciplinary record of Director Devon Brown and his abuse of the remand process in this case").) For the reasons that this Court provided with respect to Onorato, *see supra* Part I.A.4, the Court finds that So's testimony would be substantially more prejudicial than probative, Fed.

R. Evid. 403, given So's apparent bias in favor of Amobi and her connection to the law firm that is handling the instant case.

Specifically, it appears that So was not only Amobi's attorney in the context of the administrative hearing, *but also worked for Plaintiffs' current counsel* during that administrative proceeding. (*See* Exhibit 39 at 1.) Thus, allowing her to testify would be akin to permitting counsel for a party to create and present his or her own facts to the jury at trial, and Plaintiffs have offered no cases that suggest that the Rules of Evidence authorize such a prejudicial presentation. Moreover, because So's testimony about the conduct of the arbitration will be from the standpoint of a legal advocate (*see* Pretrial Statement at 16), it raises the specter of the improper introduction of expert opinion, as described above with respect to Onorato.

In short, Plaintiffs' counsel will be permitted to make legal arguments about the facts that are presented to the jury based on the evidence properly admitted at trial, but counsel's view of the facts is not evidence, and Plaintiffs are not entitled to present their narrative as such by filtering it through the testimony of Amobi's previous lawyer. This Court has no doubt that such testimony is improper, and at the very least, its limited probative value is substantially outweighed by the prejudice that such practice would create with respect to the jury's perception of Defendants. *See* Fed. R. Evid. 403. Accordingly, the Court will **GRANT** Defendants' supplemental motion *in limine* with respect to So's testimony, and will exclude her testimony from trial.

## II.     OTHER EXHIBITS

Attached is a table that lists other disputed exhibits that Plaintiffs seek to offer (*see* Amended Exhibit List and Defs.' Revised Objections, ECF No. 247-3), followed by the Court's ruling with respect to each such exhibit.

Notably, with respect to both the criminal and administrative proceedings, it appears that Plaintiffs have marked for admission *entire* transcripts, as well as nearly the entire corpus of filings and briefings from these proceedings, without identifying the particular portions they intends to use, and for what purposes he intends to offer them. Consistent with the Court's view that not all aspects of these prior proceedings will be relevant to the remaining claims, the Court has granted Defendants' motion with respect to many if not all of these exhibits, and has thereby left it up to Plaintiffs to identify the particular pieces of evidence, if any, that they intend to offer in their case-in-chief and the purposes for such evidence is being offered.

Furthermore, and finally, in some instances, the Court determined that it could not make a final decision regarding the admissibility of the evidence based on the parties' briefing, because the required analysis is context-specific and must be made on a case-by-case basis. In such instances, the Court has denied the objection without prejudice and has provided guidance concerning the requirements for potential admission. Defendants are free to renew their objection at the time these exhibits are offered.

As indicated in the attached table, any exhibits that have not been withdrawn and that are not discussed in the instant Opinion will be addressed, and ruled upon, at the Final Pretrial Conference. The parties should also be advised that the testimony of witnesses is evidence in and of itself, which means that documentary evidence—i.e.,

transcripts or other written materials—might be deemed cumulative to the extent that testimony regarding the information conveyed has already been elicited.  The parties are encouraged to be aware of the risk of confusing the jury in seeking the admission of entire transcripts or documents.

DATE:  June 19, 2018

_Ketanji Brown Jackson_
KETANJI BROWN JACKSON
United States District Judge

**Court's Rulings on Disputed Plaintiffs' Exhibits**

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|-------------------------------------|-------------------|---------|--------------------------------------|
| 1. | 2006.07.14 Britton Follow Up Letter to Summary Removal Notice | DENIED | Not hearsay | • Not offered for the truth of the matter asserted; only offered to show what reasons were provided for Amobi's firing | -- |
| 2. | 2006.06.06 Derrick Brown Interview Memo | DENIED | Not hearsay | • Not offered for the truth; in fact, being offered to show that what was asserted is <u>not</u> true<br>• Relevant to malicious prosecution claims b/c the memo was relied upon by Brown and sent to the U.S. Attorney's Office | -- |
| 3. | 2006.06.04 Taylor DCDC-1 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 4. | 2006.06.04 Harris DCDC-1 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 5. | 2006.06.04 Wallace DCDC-1 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 6. | DC Code § 23-581 (2007) | GRANTED | Rule 401 | • Irrelevant to the remaining claims | -- |
| 9. | 2006.06.04 White DCDC-2 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|-------------------------------------|-------------------|---------|--------------------------------------|
| 10. | 2006.06.04 Cunningham DCDC-1 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 11. | 2006.06.04 Amobi DCDC-1 Incident Report | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 14. | 2006.08.11 Case Referral Memo | DENIED *without prejudice* | Not necessarily hearsay | • Court will need to make this determination based on a better understanding of the foundation and the purpose for which it is being offered | Lay foundation; explain purpose for which it is being offered |
| 16. | 2006.08.03 1st Nguyen Hearing Officer Recommendation | DENIED | Not hearsay | • Offered not for the truth but the demonstrate the difference or change in recommendation—<u>not</u> that either view was the correct one<br>• Patently relevant to malicious prosecution of administrative removal claim<br>• Not more prejudicial than probative of decision-making regarding Amobi's removal | -- |
| 18. | 2006.08.21 2nd Nguyen Hearing Officer Recommendation | DENIED | Not hearsay | • Offered not for the truth but the demonstrate the difference or change in recommendation—<u>not</u> that either view was the correct one<br>• Patently relevant to malicious prosecution of administrative removal claim<br>• Not more prejudicial than probative of decision-making regarding Amobi's removal | -- |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|-------------------------------------|-------------------|---------|--------------------------------------|
| 20. | 2006.10.23 Administrative Leave Notice | GRANTED | Rule 401 relevance Hearsay | • Unclear what element in the remaining claims this is relevant to<br>• Unclear what purpose it is being offered for and what hearsay exception applies, if any | Show relevance; explain intended use |
| 21. | 2006.06.04 Derrick Brown Inmate Injury Report | DENIED | Not hearsay | • Not offered for the truth but the potential effect on the reader/listener<br>• Relevant to knowledge of Defendants with respect to disciplining Amobi | -- |
| 22. | 2006.11.28 Fax of DOC Office of Internal Affairs Amobi File to US Attorney's Office | DENIED | Not hearsay | • Not offered for the truth b/c offered to show that representations were made<br>• Plainly relevant to malicious prosecution claim<br>• The Court will focus the jury on *these* Defs. as a matter of the instructions | -- |
| 23. | DOC Office of Internal Affairs Amobi File | DENIED | Not hearsay | • Not offered for the truth b/c offered to show that representations were made<br>• Plainly relevant to malicious prosecution claim<br>• The Court will focus the jury on *these* Defs. as a matter of the instructions | -- |
| 24. | 2006.06.04 Incident Report (DCDC-2) – Holzinger | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants)<br>• Holzinger's signature appears on the report; lack of knowledge is something to be explored on cross-examination | -- |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|------------------------------------|-------------------|---------|--------------------------------------|
| 26. | 2006.06.07 Clay Incident Memorandum to Director Brown | DENIED | Rule 106 | • No requirement that a party put the entirety of a document into evidence; Defs. can offer the rest if they so choose. Fed. R. Evid. 106. | -- |
| 27. | 2006.06.07 White Incident Memorandum to Clay | DENIED *without prejudice* | Not necessarily hearsay | • Might not be offered for the truth of the matter asserted<br>• The Court can address with a limiting instruction | Demonstrate <u>not</u> being used to prove chain of command or other asserted matter |
| 28. | 2007.10.02 Amobi Arbitration Transcript | GRANTED | Rule 403 Hearsay | [Addressed in Part II.B.2 of the Memorandum Opinion]<br>• Wholesale use of arbitration transcript is significantly more prejudicial than probative<br>• Unclear what hearsay exceptions apply | Identify specific portions or statements that fit hearsay exception |
| 29. | 2007.11.06 OLRCB Amobi Arbitration Post-Hearing Brief | GRANTED | Rule 401 Rule 403 | • Relevance of this brief is unclear; unclear what it is being offered to show<br>• Lawyers' legal arguments are not evidence<br>• More prejudicial than probative given that probative value vis-à-vis the remaining claims is not established | Explain purpose for which it is offered and probative value |
| 32. | 2007.05.30 Amobi Criminal Trial Transcript | GRANTED | Rule 403 Hearsay | • Not admissible wholesale; substantially more prejudicial and probative and potential to confuse the issues and mislead jury<br>• Unclear what hearsay exceptions apply to admit former testimony of live witnesses who will testify in this trial | Identify specific portions or statements subject to showing of relevance and that fit hearsay exception |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---|---|---|---|---|
| 33. | 2007.06.28 Hannon Letter to O'Neill | GRANTED | Rule 403 Hearsay | • Concerned about prejudicial nature of a piece of evidence prepared by the lawyer who is offering it <br> • Unclear what hearsay exception applies to allow admission | -- |
| 34. | 2007.07.10 Hannon Letter to Montrosse | GRANTED | Rule 403 Hearsay | • Concerned about prejudicial nature of a piece of evidence prepared by the lawyer who is offering it <br> • Unclear what hearsay exception applies to allow admission | -- |
| 35. | 2009.06.29 Docket Sheet, Amobi v. DOC, 2008 CA 000027 B | GRANTED | Rule 401 | • Unclear for what purpose this exhibit is being offered, and what it shows that makes more or less probative an element of a remaining claim | Explain purpose for which it is being offered, and relevance to remaining claims |
| 36. | ULP Flyer about Warden Clay | GRANTED | Rule 403 | • Substantially more prejudicial than probative <br> • No showing of foundation | -- |
| 37. | 2007.10.01 Repunzelle Johnson Memo to Director Brown | (This exhibit is the subject of MIL K, which will be resolved the Final Pretrial Conference) | | | |
| 39. | 2007.12.21 Arbitration Opinion and Award (FMCS) | GRANTED | Rule 403 | [Addressed in Part II.B.1 of the Memorandum Opinion] <br> • Any probative value far outweighed by risk of confusing the issues and misleading the jury | -- |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|---------|---------|---------|---------|
| 40. | 2008.01.03 Motion to Confirm Arbitration, Amobi v. DOC, 2008 CA 000027B | GRANTED | Rule 403 | • Potential for confusion b/c filed by Plaintiffs' counsel and consists of legal arguments that the jury need not be bothered with<br>• Needlessly cumulative of any evidence or testimony that the award had to be enforced | -- |
| 46. | 2008.04.01 Motion to Show Cause why Defendant DOC Should Not Be Held in Contempt, Amobi v. DOC, 2008 CA 000027B | GRANTED | Rule 403 | • Potential for confusion b/c filed by Plaintiffs' counsel and consists of legal arguments that the jury need not be bothered with<br>• Needlessly cumulative of any evidence or testimony that the award had to be enforced | -- |
| 51. | 2008.05.09 Order Confirming Chapter 13 Plan, Ngozi Amobi, Bankruptcy Petition #:07-17881 | (This exhibit is the subject of MIL G, which will be resolved the Final Pretrial Conference) | | | |
| 53. | 2008.05.16 Status Hearing Transcript, Amobi v. DOC, 2008 CA 000027B | GRANTED | Rule 401 Rule 403 Hearsay | • Wholesale admission of a hearing transcript is confusing for the jury<br>• Plaintiffs have not demonstrated how a hearsay exception applies to statements made during hearing | Show purpose for which it is being offered; identify portions to which hearsay exception applies |
| 62. | 2008.07.28 Agency's Arbitration Review Request (PERB) | GRANTED | Rule 401 Rule 403 Hearsay | • Relevance not shown<br>• Wholesale admission of prior pleadings is confusing for the jury<br>• Pls. have not demonstrated how a hearsay exception applies | Demonstrate relevance; show purpose for which it is being offered; identify portions to which hearsay exception applies |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|------|------|---------|------|
| 63. | 2008.08.18 FOP/DOC's Opposition to Agency's Arbitration Review Request (PERB) | GRANTED | Rule 401 Rule 403 Hearsay | • Relevance not shown<br>• Wholesale admission of prior pleadings is confusing for the jury<br>• Pls. have not demonstrated how a hearsay exception applies | Demonstrate relevance; show purpose for which it is being offered; identify portions to which hearsay exception applies |
| 65. | 2009.05.29 Chapter 13 Trustee Final Report and Account, Ngozi Amobi, Bankruptcy Petition #: 07-17881 | | | (This exhibit is the subject of MIL G, which will be resolved the Final Pretrial Conference) | |
| 70. | 2013.03.20 Judgment of Absolute Divorce and Consent Order | DENIED | Rule 401 Rule 201 | • Court may take judicial notice of the judgment<br>• Relevant to loss of consortium claim<br>• To the extent that document was not provided in discovery, no showing of prejudice to Defs. | -- |
| 71. | Photos of D.C. Jail Interior | GRANTED | Rule 403 | • Photos appear to be reenactments, not evidence; much more prejudicial than probative<br>• At most, Pls. may use demonstrative evidence to show how things happened | -- |
| 72. | Photos of D.C. Jail Exterior | GRANTED | Rule 401 | • Unclear what the relevance of these photos are to the claims in this case | -- |
| 74. | Docket Sheet, Ngozi Amobi, Bankruptcy Petition #: 07-17881 | | | (This exhibit is the subject of MIL G, which will be resolved the Final Pretrial Conference) | |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|------------------------------------|-------------------|---------|--------------------------------------|
| 75. | Docket Sheet, United States v. Amobi, 2006 CMD 12120 | GRANTED | Rule 401 Rule 403 | [Addressed in Part I.A.3 of the Memorandum Opinion] <br>• Unclear what the relevance of the docket is and what purpose it is being offered for, and what elements of claims this exhibit is probative of | Show relevance of docket sheet |
| 77. | 2007.06.04 Testimony of Derrick Brown from Criminal Trial | GRANTED | Rule 403 Hearsay | [Addressed in Part I.A.2 of the Memorandum Opinion] <br>• Relevance of testimony w/r/t/ remaining claims is unclear, and substantially more prejudicial than probative <br>• Prior testimony is hearsay | Identify specific statements that are probative of remaining claims, and indicate hearsay exception |
| 80. | 2007.06.04 Testimony of Elbert White from Amobi Criminal Trial | GRANTED | Hearsay | [Addressed in Part I.A.2 of the Memorandum Opinion] <br>• Not admissible as unavailable witness's prior testimony under Rule 804(b)(1) because it is not being offered against a party whose predecessor in interest had a similar motive to develop testimony <br>• Plaintiffs have not made showing sufficient for admission as co-conspirator statement under Rule 801(d)(2)(E) | Show applicable hearsay exception |
| 81. | 2007.06.04 Findings of the Court from Amobi Criminal Trial | GRANTED | Rule 403 | [Addressed in Part I.A.1 of the Memorandum Opinion] <br>• Substantially more prejudicial than probative <br>• Likely to confuse the issues and mislead the jury, and usurp jury's determination of the credibility of witnesses in this case | Pls. may offer it in redacted form with only the verdict of not guilty if they wish |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|-------------------------------------|-------------------|---------|--------------------------------------|
| 83. | Sketch of Area of Incident Occurrence | DENIED *without prejudice* | FRE permits demonstratives | • May be relevant to show the area where the incident took place<br>• Foundation is unclear—who authored the exhibit? On what basis? | Pls. must lay proper foundation for exhibit |
| 84. | Information on Derrick Brown's Alleged Injuries | GRANTED | Rule 403<br>Rule 401<br>Hearsay | • Photos are substantially more prejudicial than probative and potentially cumulative, in light of other available evidence to show inmate Brown's injuries (*e.g.*, Exhibit 21)<br>• The report section of the exhibit might be allowed, subject to showing of relevance and a proper non-hearsay purpose | Show relevance of inmate Brown's injuries and non-hearsay purpose |
| 87. | 2006.06.04 Incident Report – White | DENIED | Not hearsay | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | -- |
| 88. | 2006.05.26 DC DOC Disciplinary Report for Derrick Brown | GRANTED | Rule 403 | • Substantially more prejudicial than probative in drawing jury's attention inmate Brown's history | -- |
| 89. | Derrick Brown Criminal Papers | GRANTED | Rule 403 | • Substantially more prejudicial than probative in drawing jury's attention inmate Brown's history | -- |
| 91. | 2006.08.06 Nguyen Hearing Officer Report without letterhead | DENIED | Not hearsay<br>Rule 401 | • Not offered for the truth of the matter asserted, but for the effect on the reader or listener (Defendants) | Pls. must lay proper foundation |

| # | Exhibit | Court's Ruling on Defs.' Objections | Evidentiary Basis | Reasons | Requirements for Potential Admission |
|---|---------|------------------------------------|-------------------|---------|--------------------------------------|
| 92. | Amobi Fitness for Duty | DENIED *without prejudice* | Rule 401 | • Might be relevant to claims of malicious prosecution related to Amobi's administrative removal<br>• Can be offered not for the truth of the matter | Pls. must show purpose for which it is offered |
| 99. | Legal Fees of Hannon Law Group | GRANTED | Rule 401<br>Rule 403 | • Court does not have a copy of this exhibit<br>• The legal basis upon which Plaintiffs' may recover attorney's fees for the present litigation in the context of punitive damages is unclear | -- |